**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TITUS L. CLARK | : | |
| | : | |
| Appellant | : | No. 1107 MDA 2022 |

Appeal from the PCRA Order Entered June 15, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000746-2019

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JULY 24, 2023**

Appellant, Titus L. Clark, appeals *pro se* from the order entered on June 15, 2022, which dismissed his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 16, 2019, Appellant entered a negotiated guilty plea to one count of persons not to possess firearms.[1]  During the plea colloquy, the Commonwealth summarized the factual basis for Appellant's plea:

> [At the time of the offense, Appellant was on parole.]   On October [22, 2018, at approximately 2:40 p.m.], state parole did a check of 225 North Newberry Street in York City, where [Appellant] was residing at the time.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

> During a search of the residence, officers discovered a firearm located inside of a trash can within that residence, as well as other items of evidentiary value.
>
> A subsequent search of a cellular telephone possessed by [Appellant] showed a picture of that same gun in his possession. That gun was checked and determined to be an operable firearm. . . .
>
> Additionally, at the time that [Appellant] was discovered with the firearm, he had been previously convicted of four felony drug offenses, as well as a felony aggravated assault, which made him a person not to possess a firearm in the Commonwealth. . . .

N.T. Guilty Plea, 4/16/19, at 6-7.

The trial court accepted Appellant's guilty plea and, that day, the trial court sentenced Appellant to serve the negotiated term of four to ten years in prison for his conviction. **Id.** at 8. Appellant did not file a direct appeal to this Court.

On January 22, 2020, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant during the proceedings. **See** PCRA Court Order, 1/27/20, at 1. However, on May 7, 2020, appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On September 18, 2020, the PCRA court granted counsel leave to withdraw and issued Appellant notice that it intended to dismiss his petition in 20 days without holding a hearing. PCRA Court Order, 9/18/20, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's first

petition on November 2, 2020.  PCRA Court Order, 11/2/20, at 1.  Appellant did not file a notice of appeal from this order.

On May 11, 2022, Appellant filed the current, *pro se* PCRA petition. Within this petition, Appellant acknowledged that it was facially untimely under the PCRA's one-year time-bar.  **See** Appellant's Second PCRA Petition, 5/11/22, at 3.  However, Appellant claimed that his petition was timely under either the newly discovered facts or governmental interference exception to the time-bar.  **Id.**  Specifically, Appellant claimed:

> 1. On March 3, 2016 [Appellant] was released from SCI Coal Township on parole.  . . .
>
> . . .
>
> 3. [Eventually, Appellant moved into a rental property located at] 225 North Newberry Street, York, PA.
>
> 4. On August 31, 2017, Angel K. Johnson, a lessee at the 225 North Newberry Street residence signed a Home Provider Agreement Letter ("Agreement Letter") [that was drafted by the Pennsylvania Board of Probation and Parole,] authorizing [Appellant] to live at that location.  This Agreement Letter also authorized [Appellant's] parole agent or employees of the [Pennsylvania] Board of Probation and Parole to "search the subject residence for the offender or for violations of the conditions of supervision."  Lastly, the Agreement Letter stated that "if this is a rental property[,] the landlord must agree to allow the offender to reside at the proposed residence."
>
> 5. On October 22, 2018, after receiving information indicating that [Appellant] threatened an individual, parole agents searched the 225 North Newberry Street residence without a search warrant, and discovered suspected drugs and a firearm.  [Appellant] was immediately detained by parole agents and held at SCI Camp Hill.

. . .

7. [On April 16, 2019, as a result of the search, Appellant pleaded guilty to persons not to possess firearms and was sentenced to serve four to ten years in prison].

. . .

9. In early fall of 2021, a clerk who works in the SCI Coal Township law library advised [Appellant] to try and obtain a copy of the Agreement Letter that authorized [Appellant] to live at the 225 North Newberry Street residence.

10. On or about September 15, 2021, [Appellant] received a copy of the Agreement Letter. . . .

11. On or about October 7, 2021, [Appellant] received an affidavit from the owner of the property, Jeremiah Lynn Clark, explaining that he was "serving overseas" at the time [Appellant] resided at 225 North Newberry Street, and further that he did not give "permission" for [Appellant] to live at the residence, "nor did he authorize anyone" to grant such permission on his behalf.

*Id.* at 1-3 (citations, corrections, and some capitalization omitted).

Appellant argued that since he recently discovered the Agreement Letter, his petition was timely under either the newly discovered facts or governmental interference exception to the PCRA's time-bar. *Id.* at 3. Further, Appellant argued that he was entitled to substantive relief because the Agreement Letter provides: "[i]f this is a rental property, I also understand that the landlord must agree to allow the offender to reside at the proposed residence." *Id.*; *see also* Agreement Letter, dated 8/31/17, at 1. According to Appellant, since his landlord never agreed to allow him to reside at the property, the entire Agreement Letter was "defective" and the underlying search unconstitutional. Appellant's Second PCRA Petition,

5/11/22, at 3. Thus, Appellant claimed, he was entitled to have "the illegally obtained evidence . . . suppressed." *Id.*

On June 15, 2022, the PCRA court dismissed Appellant's petition on the basis of untimeliness and Appellant filed a timely notice of appeal.[2] We now affirm the dismissal of Appellant's untimely, serial PCRA petition.

_____

[2] The PCRA court's final dismissal order was docketed on June 15, 2022 and the York County Clerk of Courts noted on the docket that Appellant was served with the order on June 22, 2022 by first class mail. Although Appellant's notice of appeal was not docketed until August 1, 2022, Appellant avers that he did not receive the PCRA court's dismissal order until late-July 2022 and Appellant has submitted proof that the York County Clerk of Courts did not mail the PCRA court's final order to him until July 15, 2022. *See* Appellant's Response to Rule to Show Cause, 9/22/22, at Exhibit 1 (reflecting a first-class mail envelope from the York County Clerk of Courts to Appellant, with a postmark of July 15, 2022). Further, the Commonwealth has not challenged the timeliness of this appeal. *See* Commonwealth's Brief at 1-18.

Pennsylvania Rule of Appellate Procedure 108 provides that, "in computing any period of time under these rules involving the date of entry of an order by a court . . . , the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1) and (d). Since the Commonwealth does not challenge the timeliness of this appeal, we conclude that Appellant's averments and exhibits establish that the York County Clerk of Courts did not mail the PCRA court's final order to him until July 15, 2022. *See Commonwealth v. Cooper*, 710 A.2d 76, 79 (Pa. Super. 1998) ("[w]here . . . the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand"). Therefore, Appellant's August 1, 2022 notice of appeal was timely, as it was filed within 30 days of the date that the York County Clerk of Courts mailed a copy of the order to Appellant. Pa.R.A.P. 108(a)(1) and (d); *see also* Pa.R.A.P. 903(a) ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken").

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

The trial court sentenced Appellant on April 16, 2019 and Appellant did not file a notice of appeal. Thus, Appellant's judgment of sentence became final at the end of the day on May 16, 2019. *See*, *e.g.*, Pa.R.A.P. 903(a). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until Monday, May 18, 2020 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also* 1

- 6 -

Pa.C.S.A. § 1908 (computation of time). Therefore, Appellant's current petition, which was filed on May 11, 2022, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly discovered facts" and "governmental interference" exceptions to the time-bar. These statutory exceptions provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
> >
> > . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Regarding the newly discovered evidence exception, our Supreme Court has explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved.  Namely, the petitioner must establish that:  1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence."  42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added).  If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke either exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b).  As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).  Moreover, because the "one year requirement" of section

9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *See Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Appellant claims that his petition satisfies both exceptions to the time-bar because he pleaded that he recently discovered the Agreement Letter. Additionally, Appellant claims that he is entitled substantive relief because the Agreement Letter provided: "[i]f this is a rental property, I also understand that the landlord must agree to allow the offender to reside at the proposed residence." Agreement Letter, dated 8/31/17, at 1. According to Appellant, this provision means that, "in order for the document to be enforceable, 'the landlord must agree to allow the offender to reside at the proposed residence.'" Appellant's Second PCRA Petition, 5/11/22, at 3. Further, Appellant claims that, since his landlord never agreed to allow him to reside at the property, the entire Agreement Letter is "defective" and the underlying search unconstitutional. *See* Appellant's Second PCRA Petition, 5/11/22, at 3; *see also* Appellant's Brief at 18-25.

Appellant's claim does not satisfy either the newly discovered fact or governmental interference exception to the time-bar. Initially, and contrary to Appellant's claim, the mere fact that – three years after the search – Appellant's landlord stated that he "did not give 'permission' for [Appellant] to live at the residence" does not render the Agreement Letter "defective." *See* Appellant's Second PCRA Petition, 5/11/22, at 3. Certainly, such a fact might hypothetically cause a parole agent to deny a parolee's home plan, but it does not void the signed Agreement Letter *post hoc*. Further, and more to the

point, Appellant could have always contacted his landlord and asked whether the landlord consented to the search of Appellant's residence. Appellant did not do so and, thus, Appellant cannot establish that "the information could not have been obtained earlier with the exercise of due diligence." *See Abu-Jamal*, 941 A.2d at 1268; *Bennett*, 930 A.2d at 1272. Therefore, Appellant's petition does not satisfy either the newly discovered facts or governmental interference exception to the PCRA's time-bar.

Since Appellant has failed to plead a valid exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's second PCRA petition without a hearing.[3]

_____

[3] Although the PCRA court failed to provide Appellant with a Rule 907 notice of intent to dismiss, this Court has held that a PCRA court's "failure to issue [the mandatory] Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016); *see also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013), *citing Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000) (holding that, where the PCRA court failed to provide the petitioner with a notice of intent to dismiss the petition, "we will not provide [the petitioner] with relief on this issue as our independent review has determined that [the petitioner] failed to invoke the jurisdiction of the [PCRA] court by failing to plead and prove the applicability of the timeliness exceptions contained in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii)"). In the case at bar, Appellant did not plead or prove any of the timeliness exceptions to the one-year time-bar. Therefore, Appellant is not entitled to a remand for the issuance of a Rule 907 notice.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2023